**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **5:26-CR-50043-CCT-11** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **DEFENDANT LUCERO'S MOTION TO SUPPRESS** |
| | ) | |
| **REYNEA LUCERO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Pursuant to the Court's Second Amended Scheduling Order dated May 28, 2026 (Docket No. 181), Defendant Lucero makes and files this Motion to Suppress.

**Facts**

Defendant was indicted by a grand jury. That indictment was filed on April 16, 2026. Defendant was arrested on a warrant executed on April 27, 2026. (Docket 139). Defendant was incarcerated following her arrest in the Lawrence County Jail, Deadwood, South Dakota. An Application for Writ of Habeas Corpus as Prosequendum by the United States (Docket No. 57) was made and this Court granted the Writ. (Docket No. 62).

Defendant was brought before this Court for her initial appearance and arraignment on April 27, 2026, and her plea of not guilty was entered. (Docket No. 75). Counsel for Defendant appeared at that hearing and by oral order of the Court undersigned counsel was appointed as a CJA attorney. (Docket No. 77). An order of detention was entered and Defendant left the courtroom to be transported to the Pennington County Jail by law enforcement. (Docket No. 86).

Within minutes after the April 27th hearing had concluded the process of returning Defendant to the jail was commenced. A DEA agent accompanied the marshal transport for the short ride to the Pennington County jail. Upon entry into the marshal transport vehicle, the DEA

agent commenced recording a conversation made by the Defendant. The recording concludes at 4:36 p.m. Monday, April 27, 2026.

On May 11, 2026, Defendant filed a motion for pretrial release and hearing was held on May 13, 2026. (Docket Nos. 152, 154). Following the Defendant's testimony, the government played the four and one-half minute recording taken by the DEA agent. Prior to this time, the recording had not been provided to the defense. At the detention hearing, the prosecution argued that certain incriminating statements were made by Defendant with respect to her methamphetamine use and her source as a basis for denying pretrial release. Following the presentation of the evidence, the Court denied Defendant's motion for pretrial release.

Defendant moves to suppress the recording made by law enforcement and statements of the Defendant during Defendant's custodial transport following the conclusion of her initial appearance where she was appointed counsel and ordered to be detained.

**Discussion**

A defendant's Sixth Amendment right to counsel attaches "at or after the initiation of adversarial judicial criminal proceedings – whether by way of formal charge, preliminary, hearing, indictment, information, or arraignment." Kirby v. Illinois, 406 U.S. 682, 688-89 (1972). The filing of an indictment marks the start of the adversary judicial process to which the Sixth Amendment right to counsel attaches. Rothgery v. Gillespie County, 554 U.S. 191, 198 (2008).

Once this process has begun, the Amendment "guarantees a defendant the right to have counsel present at all critical states of the criminal proceedings." Montejo v. Louisiana, 556 U.S. 778, 786 (2009) (cleaned up). "Interrogation by the state is such a stage." Id., see also Massiah

v. United States, 377 U.S. 201, at 204-05[1]; United States v. Henry, 447 U.S. 264, 274 (1980). A "heavy burden" is placed on the government to show a knowing and intelligent waiver of sixth amendment rights under these circumstances. Brewer v. Williams, 430 U.S. 387, 403 (1977).

The time between indictment and trial, "the period of thorough-going investigation and preparation, is perhaps the most critical period of the proceedings and a defendant is as much entitled to counsel's aid during that period as the trial itself." United States v. Red Bird, 287 F.3d 709, 713 (8th Cir. 2002), (internal quotations omitted) (other citations omitted). The suspect has become the accused (Id. at 714) and is entitled to representation by an advocate who is a member of the bar. See, Wheat v. United States, 486 U.S. 153, 159 (1988) (other citations omitted).

A post-indictment or arraignment confession made in the absence of counsel may be considered inadmissible wholly apart from considerations of voluntariness. Massiah v. United States, 377 U.S. 201 (1964). Where the government intentionally creates a situation likely to induce a defendant to make incriminating statements without the assistance of counsel, the defendant's sixth amendment right to counsel is violated. United States v. Henry, 447 U.S. 264, 274 (1980). Any statements "deliberately elicited" from a defendant by law enforcement personnel after prosecutors commence formal proceedings are inadmissible. Id. 447 U.S. at 270-71. There is a difference between "deliberately eliciting" a confession (for Sixth Amendment

[1] In Massiah, the defendant, after having been indicted and having retained counsel, made incriminating admissions of a former cohort, turned informer, in whose car government agents had installed electronic equipment. Government agents had outfitted an informant's automobile with radio transmitting equipment and instructed the informant to engage the defendant in conversation relating to the crimes. United States v. Massiah, 307 F.2d 62, 72 (1962)(Hays, J., dissenting). The Supreme Court held that the right to counsel attaches upon indictment and the incriminating statements made by indicted defendants out of the presence of counsel may not be admitted at trial to prove the charge in the indictment. Massiah, *supra*, 377 U.S. at 206. In suppressing statements overheard during the resulting conversation, the Court emphasized that the Sixth Amendment must "apply to indirect and surreptitious interrogations as well as those conducted in the jailhouse...." 377 U.S. at 206.

purposes) and "interrogating" a suspect (for Miranda purposes). Rhode Island v. Innis, 446 U.S. at 300 n.4.

It is generally easier for a defendant to show that statements were deliberately elicited than to show that they were subject to interrogation. For example, in Brewer v. Williams, without asking the defendant any questions, a detective informed Williams on a long drive that a missing girl he was accused of murdering deserved "a Chrisitan burial." Williams subsequently confessed. Brewer v. Williams, 430 U.S. 392-94. The Court held that there could be "no serious doubt" that the detective "deliberately and designedly set out to elicit information from Williams just as surely as and perhaps more effectively than if he had formally interrogated him" in violation of the Sixth Amendment. Id. at 399.

Indeed, a violation can be triggered by a voluntary conversation. Fellers v. United States, 540 U.S. 519, 524-525 (2004) (violation when defendant made incriminating responses during a voluntary conversation at home because it took place after indictment was filed and defendant wasn't informed of his rights or waived them). And it can be triggered when the agent doesn't even intend to elicit the statements but knows that their actions are "likely" to obtain such statements. United States v. Red Bird, 287 F.3d 709, 714 (8th Cir. 2002).

In this case, knowing that counsel had been appointed for the Defendant, a DEA agent chose to accompany Defendant while she was transported to jail. The DEA agent recorded a statement of Defendant. The agent did not tell the accused she was being recorded.

The agent deliberately chose to accompany the marshal transport to the jail. The recording occurred in a governmental vehicle in which Defendant was not free to leave. The agent was experienced. The situation was optimal as one likely to induce the defendant to make incriminating statements without the assistance of counsel. The recording was being made

without Defendant's knowledge and she did not waive her right to have her counsel present. At the time of the recording, Defendant was no longer a suspect but an accused who had been indicted, arrested, arraigned and appointed counsel.

Prior to the recording being made, the Defendant was not told of the agent's role in the investigation which had resulted in her arrest. The DEA agent who recorded the statement was very familiar with the case having earlier prepared a Sealed Affidavit in Support of Search Warrant Application which sought the collection of information, including cell-site location information. The search warrant affidavit recounts the agent's training and experience. He was familiar with various methods of interrogation and securing evidence surreptitiously.

Defendant's right to counsel had attached before she entered the transport vehicle. At the time the statement was made, it is clear that the Defendant was upset. The recording reveals her speaking quickly in a pressured form of speaking-- often babbling and ranting. What can be gleaned from the facts is the specific intent and purpose of the agent's being along for the ride to the jail. The plan was to elicit and capture incriminating statements using a confined, controlled and custodial space. An electronic recording device was used as an investigatory tool shortly after pre-trial release was denied. The circumstances reveal that the government "deliberately and designedly set out to elicit" information from the accused. The recording and the statement of the Defendant should, therefore, be suppressed as violative of the Defendant's rights under the Sixth Amendment.

Dated this 23rd day of June, 2026.

Respectfully submitted,

WHITING HAGG & DORSEY, Prof. LLC

By:______________________________
John Stanton Dorsey
Attorney for Defendant Reynea Lucero
P. O. Box 8008
Rapid City, SD 57709-8008
PH: (605) 348-1125
Fax: (605) 348-9744
E-mail: john.dorsey@amatteroflaw.com