IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH DAKOTA WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO. 5:26-cr-50043-11 |
| v. | ) | MOTION TO DISMISS FOR LACK OF PROSECUTION |
| Reynea Deanna Lucero, | ) | AND VIOLATION OF SIXTH AMENDMENT SPEEDY |
| Defendant. | ) | TRIAL RIGHTS |

COMES NOW the Defendant, Reynea Deanna Lucero, appearing *pro se* and *in propria persona*, and respectfully moves this Honorable Court to dismiss the Indictment against her with prejudice. This motion is brought pursuant to the Sixth Amendment to the United States Constitution, Federal Rule of Criminal Procedure 48(b), and the Speedy Trial Act, 18 U.S.C. § 3161. In support of this application, Defendant states:

**1. THE 180-DAY DELAY IS PRESUMPTIVELY PREJUDICIAL**

Defendant has been continuously incarcerated at the Pennington County Jail for over one hundred and eighty (180) days. Under controlling Supreme Court precedent, *Barker v. Wingo*, 407 U.S. 514 (1972), a delay approaching or exceeding six months in a pretrial detention environment triggers a full constitutional inquiry because it is "presumptively prejudicial" to the defense.

**2. THE REASON FOR THE DELAY IS NOT ATTRIBUTABLE TO THE DEFENDANT**

The extreme stagnation of this case is structural and systemic. Defendant has not requested continuances, has not engaged in motion practice that delayed proceedings, and has spent over half a year in jail waiting for an individualized trial date. While the Government continues to manage a multi-defendant drug conspiracy indictment, Defendant's personal liberty rights cannot be legally sacrificed or indefinitely subrogated to the logistical preferences of co-defendants or the inaction of former counsel.

**3. ACTUAL PREJUDICE SUFFERED BY DEFENDANT**

Pretrial detention for over 180 days has severely impaired Defendant's ability to prepare a proper defense, disrupted her communication channels, and caused active cognitive and physical strain. Furthermore, overlapping state-level holds have

been allowed to remain unaddressed, creating an unconstitutional gridlock where neither jurisdiction moves forward, extending her confinement indefinitely without an adjudication of guilt.

## 4. DISMISSAL UNDER RULE 48(b)

Federal Rule of Criminal Procedure 48(b) grants this Court independent discretionary authority to dismiss an indictment if there is "unnecessary delay" in bringing a defendant to trial. A 180-day complete lack of prosecution or scheduling for this specific Defendant meets the definition of an unnecessary and abusive delay.

**WHEREFORE,** Defendant Reynea Deanna Lucero respectfully requests that this Honorable Court enter an Order dismissing the Indictment against her with prejudice, or, in the alternative, grant an immediate emergency hearing to address this severe constitutional violation.

Dated this 4 day of NOV, 2026.

Respectfully submitted,

**Reynea Deanna Lucero,** Inmate# 7016948
*In Propria Persona*
Pennington County Jail Facility
307 St Joseph St. Block 13 Cell 20
Rapid City, South Dakota 57701

## CERTIFICATE OF SERVICE

I hereby certify that on this 4 day of NOV, 2026, a true and correct copy of the foregoing Motion was served via the Facility Legal Mail System upon the following:

**Office of the United States Attorney**
District of South Dakota
201 Federal Building
515 Ninth Street
Rapid City, SD 57701

/s/ Reynea Deanna Lucero, Inmate

Reynea Lucero 701 69 48
Pennington County Jail
Cell Block 12/13 Cell 20
307 Saint Joseph Street
Rapid city SD, 57701

RAPID CITY SD 577
6 NOV 2026 AM 1 L




Clerk Of Court
302 Federal Building
515 Ninth Street
Rapid city S.D
57701

57701-244099

X-RAYED BY
SOUTH DAKOTA
CSO

FSC
MIX
Envelope
FSC® C137131

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2019